ERNESTO SANTIAGO MARRERO ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent; IBEC REALTY CO., INC., and SOC. PROTECTORA DE NIÑOS DE RÍO PIEDRAS, Interveners.

No. C-62-99.     Decided January 27, 1964.

*W. Luyando Charneco* for petitioners. *Víctor Rivera Colón* for the Sociedad Protectora de Niños de Río Piedras. *Díaz González & Quiñones Elías* for the IBEC Realty Co., Inc.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: In the action for declaratory judgment filed in the present case by Sociedad Protectora de los Niños de Río Piedras against defendants and petitioners in this petition for certiorari, it was alleged that on October 29, 1952

the plaintiff Sociedad Protectora agreed to sell to petitioner Ernesto Santiago Marrero a lot of 568.38 square meters in a parcel of land of a larger area; that by virtue of said *private* contract petitioner Marrero delivered to plaintiff $1,500 as down payment, agreeing that the rest of the total price of $4,183 would be paid by Marrero *"when the Planning Board shall permit the segregation of the lot and when the corresponding deed of sale shall be executed,"* it being stipulated that petitioner shall pay interest on the deferred payment, and that the contract *"was subject to the Planning Board's approval of the segregation."* It was also alleged that Marrero took possession of the lot and erected a building without permission of the Bureau of Permits and leased it to the other defendant-petitioner Rivera, who has a business therein. That the Planning Board having failed to approve the segregation of the lot and Marrero having failed to comply with other conditions of the contract, plaintiff filed an action in the Superior Court, San Juan Part, case No. 59-1019, requesting the *rescission* of the contract and return of the lot, the *payment* for its use, legal *interest* on the *deferred payment*, and that on April 27, 1961 in said action No. 59-1019, judgment was rendered declaring null and void the contract executed between the parties because it was contrary to public order and that against said judgment a petition for review was filed and this Court dismissed it. That according to plaintiff's best information, defendants had executed contracts of lease or option of sale in relation to said lot and structure. Plaintiff requested the declaration of the rights, status and juridical *relationships* of the *possession and ownership* of the lot and the structure on the part of the defendants-petitioners. To that effect it alleged: (a) That defendants occupy the lot illegally; (b) that Marrero has no title over the lot; (c) that the building erected is in violation of the Planning Act, and that it should be destroyed or its ownership passed to plaintiff; (d) that

any contract between Marrero and Rivera is illegal, because it is contrary to public order, and Rivera was aware of the juridical condition of the lot; (e) that Marrero is bound to *return* to plaintiff *the income* received by him in the exploitation of the lot and building, and in turn plaintiff will return to him $1,500; and (f) that Marrero is bound to surrender the possession of the lot and building.

Later in the proceeding the corporation IBEC Realty Company filed a complaint in intervention which was admitted in which it alleged that under the lease contract executed on December 19, 1958 (before filing the complaint in case No. 59-1019) it was the lessee, for 20 years, of a parcel of land of 6,054.35 square meters belonging to the plaintiff Society, of which petitioners herein occupied *at sufferance without any title* or legal interest the portion of 568.38 square meters already mentioned.

In the present suit defendants filed a motion for dismissal, alleging the demurrer of res judicata on the ground of case No. 59-1019. On two occasions the dismissal was denied. Thereafter they filed motion for summary judgment on the same ground that the legal question was res judicata. The trial court rendered an order dismissing the motion for summary judgment. It said: "In our opinion the proceeding of declaratory judgment is not the adequate remedy in the present case. However, after a liberal examination, the complaint alleges facts which, if established by sufficient evidence, justify the adjudication by the court of the rights of the parties over the lot object of this litigation. See Rule 70 of the Rules of Civil Procedure." We issued certiorari to review said decision.

In complaint No. 59-1019, the sole defendant therein, Santiago Marrero, filed a counterclaim affirmatively requesting the specific performance of the agreement or compromise of October 29, 1952, and if said specific performance were not ordered, to be awarded damages.

■ Whether the compromise or agreement of 1952 is considered as a precontract in which it was agreed to execute the contract when the condition contemplated by the parties as to the necessary permit of the Planning Board and the execution of the public deed were fulfilled, or whether it is considered as a contract of sale itself, as it was considered by the Superior Court in the former case, the judgment rendered in that case—No. 59-1019—declared said compromise to be wholly and radically void and therefore, nonexistent. As the court stated in its judgment: "In other words; in the case at bar, properly speaking, there is no contract." It is unquestionable that any adverse question as to the juridical validity and efficacy of the contract of sale proposed by the parties is adjudged by the former judgment.

■ Nor can a remedy be obtained, upon litigation, which in any manner may imply the performance of said obligations or remedy for damages in substitution of the performance. It is adjudged that said act between the parties, contract or precontract, was completely void at law, as distinguished from the voidable act, and therefore it never generated consequences at law, even to the moment of decreeing its nullity. According to the very judgment, it was not a question of a contract which would be effective until its nullity be decreed, but of its very *nonexistence*.

■ In that situation, the things must revert in law to the situation existing at the time of the nonexistent act. Not all the adverse questions herein may be readjudged, like those which to be adjudged it is necessary to resort to the mutual obligations imposed, but not all of them are adjudged. One of the allegations questions the present condition of *possessors* of defendants-petitioners. The intervener, who was not a party in the former suit, in defense of its right of ownership as lessee alleges that defendants hold adverse possession as *tenants at sufferance without any title or legal interest.*

■ It seems to us that, in essence, this was the situation that the trial court perceived in stating that even if it understood that the remedy of the declaratory judgment was inappropriate (a declaratory judgment is not barred because another remedy may be invoked), it believed there were facts which justified an adjudication. Possessory actions and even dominion title proceedings may be involved herein which may be decided without need of bringing into discussion the act already declared nonexistent because they do not arise from their promises. The statement in the former judgment in which § 1257 of the Civil Code is invoked that both parties in said litigation lacked judicial action between themselves, should be taken pursuant to the countercomplaints filed therein by both parties.

The writ of certiorari issued will be set aside and the record will be remanded for further action pursuant to the pronouncement herein.